JiPER CURIAM *.
Respondent was convicted on September 26, 1992, following trial by jury in federal court, of one count of knowing and willful misapplication of funds of a lending institution with intent to injure and defraud the lending institution in violation of 18 U.S.C. § 657 and 18 U.S.C. § 2.[1] Subsequently, respondent entered a nolo contendré plea on July 26, 1993 to one additional count of violating the same federal statutes.[2] The judge sentenced respondent to a fíne of $30,000 and a three-year term of imprisonment suspended, but suspended the jail time conditioned upon three years supervised probation with special conditions which included 120 days home detention. In February of 1994, the judge terminated respondent’s probation.
At the time of the offenses, respondent was director and chairman of the board of Louisiana National Bank, and owned eight percent of the bank’s stock. He was also a director of Acadia Savings, having previously been chairman of the board. Respondent’s law firm was the closing attorney on Acadia’s transactions.
Acadia made a $2,500,000 loan to Triad Enterprises, Inc. The loan included a requirement that Triad use part of the loan proceeds to buy property owned by Louisiana Bank for $700,000. Acadia Savings had appraisals in the file indicating |2that the value of the property justified the loan.[3]
The essential elements of the crime for which respondent was convicted included his position with Acadia, Acadia’s status as a federally insured lending institution, respondent’s knowing and willful misapplication of Acadia’s funds, an intent to injure or defraud the lending institution, and the taking of more than one hundred dollars.
After the jury returned its guilty verdict, the district judge allowed the conviction to stand, finding that the jury could have inferred from the evidence that respondent effectively required Triad to purchase the property in return for the loan from .Acadia.
This court suspended respondent from the practice of law on December 16, 1993, pending further orders of this court. Respondent was formally charged by Disciplinary Counsel with one count of being convicted of criminal offenses which constitute serious criminal misconduct in violation of Rules of Professional Conduct 1.7(b), 1.8, 1.15, and 8.4(a)(b) and (c). The hearing committee found that respondent had been convicted of a serious crime and that the baseline discipline for respondent’s misconduct was disbarment. However, the hearing committee recommended a six-month suspension because of numerous mitigating factors, including the following:
1. Marginal evidence supported respondent’s conviction which was based on a technical violation of the statutes.
*1342 2. Respondent received no funds with regard to the count for which he was convicted.
3. The charges did not involve a violation of the public trust.
4. Respondent lacked the -intent to defraud.
[35. Respondent had practiced law for over forty-four years without any complaints being filed against him.
6. A minimal sentence was imposed by the federal district court.
7. Numerous letters and witnesses attested to respondent’s character and good deeds.
Disciplinary counsel objected to the hearing committee’s recommendation and argued to the disciplinary board that respondent should be suspended for a period of eighteen to thirty months. The disciplinary board stated that the conviction was conclusive evidence that respondent’s conduct was intentional and fraudulent, since an intent to defraud was an element of the offense for which he was convicted. The board further found that respondent violated a duty to the public and the profession, and that there was a potential for injury. While noting that the baseline discipline for respondent’s misconduct was disbarment, the board recommended a one-year suspension, retroactive to the effective date of respondent’s interim suspension, because of the substantial number of mitigating circumstances. The mitigating factors noted by the board included the absence of a prior disciplinary record, full and free disclosure to the board, cooperative attitude throughout the disciplinary proceedings, physical and health problems, imposition of other sanctions or penalties, forty-four years of legal practice without complaint, the minimal sentence imposed in federal court, and numerous letters of support attesting to respondent’s character, reputation, and longstanding service to the community.
Sup.Ct.R. XIX, § 19, provides:
At the hearing before a hearing committee, the certificate of conviction of the respondent shall be conclusive evidence of his/her guilt of the crime for which he/she has been convicted. The sole issue to be determined at the hearing shall be whether the crime warrants discipline and, if so, the extent thereof. At the hearing the respondent may offer evidence only of mitigating circumstances not inconsistent with the essential elements of the crime for which he/she was |4convicted as determined by the statute defining the crime.
Respondent was convicted of a serious crime reflecting upon his moral fitness to practice law. At respondent’s trial, both the jury and the judge found there was sufficient evidence of every essential element of the offense charged, which included knowing and willful misapplication of the funds with an intent to injure or defraud the lending institution. While the hearing committee and the disciplinary board were impressed (as is this court) that the evidence at best was marginally sufficient to support the conviction, this court must accept the conviction as conclusive proof that respondent committed every element of the crime which involved fraud and dishonesty. Nevertheless, the fact remains that respondent was subjected to years of extensive investigation dating back to 1982 and to two trials which resulted in the conviction and seven acquittals, before agreeing to a plea bargain which avoided further litigation and expense for all parties. The federal judge, having observed all of these proceedings, decided to impose only the minimum sentence that respondent received.
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and upon consideration of the record, this court concludes that, because of the seriousness of the crime for which respondent stands convicted, the very substantial mitigating factors do not warrant reducing the baseline discipline of disbarment to less than a thirty-month suspension.
DECREE
Accordingly, it is ordered that Edmund M. Reggie be suspended from the practice of law for thirty months, retroactive to December 16, 1998, the effective date of the interim suspension.
CALOGERO, C.J., and MARCUS and DENNIS, JJ., dissent and assign reasons.

 Watson, J., not on panel, recused.

.The jury also found respondent guilty on a second count, but the judge set aside the verdict based on insufficient evidence.

. The plea was part of a bargain in which respondent gave up his right to appeal the earlier conviction.

. The property was sold at a sheriffs sale eighteen months later for $90,000.